UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IVOCLAR VIVADENT, INC.,                                    04-CV-0984E(Sc)

                        Plaintiff,

                                                                          MEMORANDUM

            -vs-
                                                                          and

ULTIDENT, INC.,
                                                                          ORDER[1]
                        Defendant.

_____

        Plaintiff Ivoclar Vivadent, Inc. commenced this trademark infringement action on

December 13, 2004 against defendant Ultident, Inc.  Plaintiff alleges that defendant has

infringed and continues to infringe on plaintiff's trademarks in violation of federal and state

law by wrongfully and illegally importing, advertising, selling and distributing some of

plaintiff's dental products ("Products").  On February 14, 2005 defendant filed a Motion

to Dismiss for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil

Procedure ("FRCvP").  Plaintiff, in opposition to defendant's Motion to Dismiss, claims that

defendant is subject to the Court's jurisdiction and alternatively requests jurisdictional

discovery if the undersigned does not find a *prima facie* showing of personal jurisdiction.

For the reasons set forth below, defendant's Motion will be granted and plaintiff's request

for jurisdictional discovery will be denied.

        Plaintiff alleges the following in its Complaint.  Plaintiff markets, distributes and sells

the Products nationally and internationally, has valid trademarks with regard to the

_____

        [1]This decision may be cited in whole or in any part.

Products and has a reputation for excellent product quality, customer service and reliability. Plaintiff claims that defendant unlawfully gained possession of the Products and distributed and sold the Products in the United States without the requisite safety information and procedures and profited from such acts.[2]  As such, plaintiff claims that its customers are likely to be misled, confused or deceived as to the source of the Products, threatening the distinctive quality of plaintiff's trademarks and the integrity of plaintiff's business reputation.

With regard to the jurisdiction issue, plaintiff claims that defendant — a Canadian corporation with offices in Quebec and no offices in New York — transacted business within, contracted to supply goods and services in, committed a tortious act within and without, caused damages to plaintiff within and regularly engaged in or solicited business in and derived substantial revenue from goods used or services rendered in New York State.  Plaintiff claims that defendant sold and shipped the Products to Henry Schein Arcona, Inc., a Canadian corporation located in Niagara-on-the-Lake, Ontario, near the border between Ontario, Canada and New York State.  In so doing, defendant has allegedly injured and threatens to injure plaintiff, who is licensed to do business and maintains offices in New York.  Plaintiff does not allege any other connection between defendant and New York.

---

[2]Plaintiff alleges that the Products distributed and sold by defendant are materially different from plaintiff's products because they are (1) improperly packaged and labeled, (2) not sufficiently controlled for quality and consistency, (3) not consistently and adequately inspected, (4) not warranted in the same manner as plaintiff warrants its products and (5) not marketed and advertised in accordance with plaintiff's practices.

Defendant submitted the affidavit of Gilles Cohen — defendant's president — to dispute plaintiff's claims.  Cohen states that defendant has never sold or shipped any of the Products to Henry Schein Arcona, does not sell and has never sold the Products in the United States, does not advertise the Products for sale in the United States and does not have a website where customers can look up or order the Products.  (Cohen Aff. at 2.)

"The amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Metro. Life Ins. Co.* v. *Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (internal quotations omitted).  This Court, therefore, will apply Sections 301 and 302 of New York's Civil Practice Law and Rules ("CPLR") to the allegations in this action to determine if this Court has personal jurisdiction over defendant and then, if necessary, will determine whether the exercise of such jurisdiction comports with due process.[3]  *See ibid.*  While plaintiff bears the ultimate burden of establishing jurisdiction over defendant by a preponderance of the evidence if such is raised at trial, in cases like this where jurisdiction is challenged prior to discovery, plaintiff may overcome the challenge simply by making a good faith pleading to that effect.  *See Jazini* v. *Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998).  In making this *prima facie* jurisdictional determination, the Court is to consider the pleadings and affidavits in the

---

[3]This Court will hold that jurisdiction is not proper and, as such, need not address due process issues.

- 3 -

light most favorable to plaintiff.  *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).  Inasmuch as no discovery has been conducted herein, the truth of plaintiff's allegations will be assumed for purposes of the jurisdiction issue pursuant to FRCvP 12(b)(2) and doubts will be resolved in plaintiff's favor, notwithstanding a controverting presentation by defendant.  *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).  However, "vague and generalized allegations \*\*\* are insufficient to make a *prima facie* showing of jurisdiction over an out-of-state defendant." *Hennigan v. Taser Int'l, Inc.*, 2001 U.S. Dist. LEXIS 1857, at \*7 (S.D.N.Y. Feb. 23, 2001). Plaintiff's unsupported allegations will be deemed refuted if plaintiff does not counter defendant's presentation of "direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction."  *See Allojet PLC v. Vantage Assocs.*, 2005 U.S. Dist. LEXIS 4006, at \*12 (S.D.N.Y. Mar. 15, 2005) (internal quotations and citations omitted).

New York's general jurisdiction provision, CPLR §301, provides that a New York "court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."  The statute's scope encompasses all jurisdictional bases recognized in common law prior to its enactment.  *Penny v. United Fruit Co.*, 869 F. Supp. 122, 125 (E.D.N.Y. 1994).  New York has historically permitted the exercise of jurisdiction over a foreign corporation if it "does business in New York, not occasionally or casually, but regularly, continuously and systematically thereby demonstrating a sufficiently fair measure of permanence to warrant a finding of the corporation's constructive presence here." *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 1997 U.S. Dist. LEXIS 7448, at \*6

- 4 -

(W.D.N.Y. May 22, 1997).   The test requires an analysis of the specific facts of each individual case to determine whether a foreign corporation's contacts and connections with New York demonstrate continuous, permanent and substantial activity. *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 918 F.2d 1039, 1043 (2d Cir. 1991).   In assessing jurisdiction under this standard, New York courts have generally focused on the following indicia of jurisdiction: (1) the existence of an office in New York, (2) the solicitation of business in New York, (3) the presence of bank accounts or other property in New York and/or (4) the presence of employees or agents in New York. *Ibid.*  Solicitation will only justify imposing jurisdiction over a foreign corporation when it "is substantial and continuous, and defendant engages in other activities of substance in the state". *Ibid.*

Plaintiff fails to make a *prima facie* showing that defendant is subject to jurisdiction under CPLR §301.  Defendant is a Canadian corporation with no offices, bank accounts, property, employees or agents in New York.  Plaintiff alleges that defendant transacted business with Henry Schein Arcona, a corporation located close to the New York border, but does not allege that any part of this transaction actually occurred in New York.  The close proximity of Henry Schein Arcona to the New York border, however, does not place the transaction within New York for the purposes of determining jurisdiction. *See, e.g., Jamerson v. Buffalo Gen. Hosp.*, 1995 U.S. Dist. LEXIS 21310, at *12 (W.D. Pa. Mar. 13, 1995) (holding that, only the extent to which the defendant crosses the border into the forum state is relevant, not how close the defendant comes to it). Plaintiff, moreover, merely makes "vague and generalized" allegations, which are insufficient to meet its minimal

burden.  *See Hennigan*, at \*7.  Therefore, this Court finds that CPLR §301 does not confer

jurisdiction over defendant.

A corporate defendant not found to be constructively present for purposes of the

general jurisdiction provision may nevertheless be sued in New York pursuant to New

York's long-arm statute, codified at CPLR §302.  Plaintiff's necessary showing under CPLR

§302 is "considerably less" than that required under CPLR §301.  *Hoffritz*, at 58.  CPLR

§302 provides for jurisdiction in certain circumstances over non-domiciliaries and states,

in pertinent part:

> "(a) \*\*\* As to a cause of action arising from any of the acts
> enumerated in this section, a court may exercise personal jurisdiction over
> any non-domiciliary \*\*\* who in person or through an agent:
> 1.  transacts any business within the state or contracts anywhere to
> supply goods or services in the state; or
> 2.  commits a tortious act within the state \*\*\* ; or
> 3.  commits a tortious act without the state causing injury to person or
> property within the state \*\*\* if he
> > (i) regularly does or solicits business, or engages in any
> > other persistent course of conduct, or derives substantial
> > revenue from goods used or consumed or services rendered, in
> > the state, or
> > (ii) expects or should reasonably expect the act to have
> > consequences in the state and derives substantial revenue from
> > interstate or international commerce".

CPLR §302 thus requires a "strong nexus between the plaintiff's cause of action and the

defendant's in state [*sic*] conduct." *Welsh* v. *Servicemaster Corp.*, 930 F. Supp. 908, 910

(S.D.N.Y. 1996) (citation omitted).  Although plaintiff asserts that jurisdiction exists under

CPLR §§302(a)(1), (a)(2) and (a)(3) in its Complaint, its argument in its Memorandum in Opposition to Defendant's Motion to Dismiss focuses only on CPLR §302(a)(3)(ii).  As such, this Court will primarily focus on CPLR §302(a)(3)(ii).

Long-arm specific jurisdiction of non-domiciliaries who transact business within New York is governed by CPLR §302(a)(1).  Plaintiff does not allege or provide evidence that defendant transacted business in New York — plaintiff only alleges a business transaction near the New York border.  CPLR §302(a)(1), therefore, does not allow this Court to exercise its jurisdiction over defendant.

CPLR §302(a)(2) confers jurisdiction over a non-domiciliary who commits a tort while physically present in New York.  *See Bensusan Rest. Corp.* v. *King,* 126 F.3d 25, 28 (2d Cir. 1997).  Again, because plaintiff fails to show that any part of this transaction took place in New York, jurisdiction does not exist under CPLR §302(a)(2).

Long-arm specific jurisdiction based upon tortious acts committed out-of-state by a non-domiciliary is governed by CPLR §302(a)(3).  *See id.* at 27.  Subsection (i) requires a showing that defendant either regularly does or solicits business in New York or derives revenue from services rendered in New York.  Jurisdiction pursuant to CPLR §302(a)(3)(i) is more difficult to establish than jurisdiction pursuant to CPLR §302(a)(2).  *Roberts-Gordon* v. *Superior Radiant Prods.*, 85 F. Supp. 2d 202, 215 (W.D.N.Y. 2002). Thus, it follows that plaintiff's failure to establish jurisdiction under the lesser standard of CPLR §302(a)(2) — for failure to show that defendant transacted business in or derived revenue

from activities in New York — precludes a finding of jurisdiction under CPLR §302(a)(3)(i).

To establish personal jurisdiction under subsection (ii) of CPLR §302(a)(3), plaintiff must sufficiently allege that (1) defendant performed a "tortious act" outside of New York, (2) the alleged tortious act caused injury within New York, (3) defendant expected or reasonably should have expected that its action would have consequences in New York and (4) defendant derives "substantial revenue from interstate or international commerce." CPLR §302(a)(3); *see also Starmedia Network, Inc.* v. *Star Media, Inc.*, 2001 U.S. Dist. LEXIS 4870, at *5 (S.D.N.Y. Apr. 24, 2001).  Plaintiff has met the first two prongs of CPLR §302(a)(3) — plaintiff has alleged trademark infringement as the tortious conduct and the injury from the alleged act has occurred in New York.

For a *prima facie* showing of jurisdiction under CPLR §302(a)(3), the plaintiff must allege anticipated in-state economic injury from an out-of-state tort, but is not required to show that it suffered any actual economic injury.  *Sybron Corp.* v. *Wetzel,* 385 N.E.2d 1055, 1058 (N.Y. 1978).  The Lanham Act imposes liability on any person who "use[s] in commerce a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services."   15 U.S.C. §1114(1)(a).   "Trademark infringement can be a 'tort' for [the] purpose of determining long-arm jurisdiction."  *PDK Labs, Inc.* v. *Proactive Labs, Inc.*, 325 F. Supp. 2d 176, 180 (E.D.N.Y. 2004) (citation and internal quotations omitted).  For purposes of determining jurisdiction under CPLR §302(a)(3), the alleged injury stemming

from infringement on a trademark "in the form of damage to goodwill, lost sales, or lost customers" occurs where the trademark owner resides and conducts business because this is where the "'first effects' of trademark infringement or dilution are typically felt." *Savage Universal Corp.* v. *Grazier Constr., Inc.*, 2004 U.S. Dist. LEXIS 16088, at *30 (S.D.N.Y. Aug. 13, 2004).  Plaintiff alleges that defendant's sale and shipment of the Products infringes on plaintiff's trademarks, threatens the distinctive quality of plaintiff's trademark, confuses plaintiff's customers and threatens plaintiff's reputation.  These allegations amount to a tortious act resulting in an injury in New York — the place where plaintiff, the trademark owner, resides and conducts business — and meets the first two requirements of CPLR §302(a)(3).

Plaintiff cannot meet the third requirement of CPLR §302(a)(3)(ii) — that defendant expected or reasonably should have expected its allegedly tortious actions to have consequences in New York — and, therefore, addressing the fourth requirement is unnecessary.  The test to determine whether this "foreseeability" requirement is met "is an objective rather than subjective one" and is intended to avoid conflicts with due process limits on the exercise of jurisdiction.  *Kernan* v. *Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999) (citation and quotations omitted).  The Second Circuit requires "a discernible effort [by the defendant] to directly or indirectly serve the New York market", and has held that "the simple likelihood or foreseeability that a defendant's product will find its way into New York" does not satisfy this requirement.  *Ibid.* (citations and quotations omitted).

A transaction between two Canadian companies, one of which is close to the New York border, does not amount to a "discernible effort" to directly or indirectly serve the New York market. *See id.* at 241. Without an allegation of a distribution chain linking defendant to the New York market, it is objectively unreasonable to find that defendant intended to serve the New York market. *See id.* at 242 (holding that, to meet the foreseeability requirement, the defendant must have purposefully availed itself of "the benefits of the laws of New York such that the defendant may reasonably anticipate being haled [*sic*] into New York court") (citations and quotations omitted); *Starmedia Network*, at *6 (finding that the plaintiff, to meet the foreseeability requirement, must show an effort by the defendant to serve the New York market). Further, plaintiff's allegations that defendant sold and marketed products in New York are refuted by defendant's affidavit, to which plaintiff does nothing but cite the "extremely close proximity of New York to an infringing sale". (Pl.'s Mem. Opp'n Def.'s Mot. Summ. J. at 8.) *See Allojet*, at *12. Such a vague assertion is not sufficient to make a *prima facie* showing of personal jurisdiction. This Court, therefore, will not find that it has personal jurisdiction over defendant and will grant defendant's Motion.         Plaintiff's request for additional jurisdictional discovery where, as here, jurisdiction is not found, will be denied. Jurisdictional discovery is appropriate where the plaintiff made a sufficient start toward establishing jurisdiction and where it would not be a "fishing expedition when little more exists than plaintiff's bare assertions that jurisdiction is proper". *Manhattan Life Ins. Co.* v. *A.J. Stratton Syndicate*, 731 F. Supp. 587, 593 (S.D.N.Y 1990). "Pre-motion discovery should be permitted where

the facts necessary to establish personal jurisdiction ∗∗∗ lie exclusively within the defendant's knowledge." *Wafios Mach. Corp.* v. *Nucoil Indus. Co.*, 2004 U.S. Dist. LEXIS 13674, at *14 (S.D.N.Y. July 23, 2004).   However, jurisdictional discovery is not permitted where, as here, the defendant submits an affidavit that provides all necessary facts and answers all questions regarding jurisdiction.  *Id.* at *14-16 (granting jurisdictional discovery over a defendant because the defendant's affidavit left "further questions ∗∗∗ which may be necessary to establish either personal jurisdiction or venue", but not over another foreign defendant who provided an affidavit categorically denying contacts with New York). Cohen's affidavit categorically denies that defendant has transacted business or has had any other contacts with New York and answers all questions regarding jurisdiction.  Plaintiff's allegation of defendant's transaction with Henry Schein Arcona — a single transaction outside New York's borders — is not a sufficient start toward establishing jurisdiction and does not even amount to a bare assertion that jurisdiction is proper.  Plaintiff's request for jurisdictional discovery, thus, will be denied.

Accordingly, it is hereby **ORDERED** that defendant's Motion to Dismiss for lack of personal jurisdiction is granted, that plaintiff's request for additional discovery is denied and that the Clerk of this Court shall close this case.

DATED:     Buffalo, N.Y.

June 15, 2005

_____
              /s/ John T. Elfvin
              JOHN T. ELFVIN
              S.U.S.D.J.